CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

CHRISTIAAN HIGHSMITH (CABN 296282)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    christiaan.highsmith@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 23-CR-00140 RS |
| Plaintiff, | ) |
| | ) STIPULATION & [PROPOSED] ORDER |
| v. | ) CONTINUING TRIAL FROM AUGUST 3, 2026 TO |
| | ) AUGUST 10, 2026, SETTING PRETRIAL AND |
| | ) TRIAL SCHEDULE, AND EXCLUDING TIME |
| JAPHETH DILLMAN, | ) UNDER THE SPEEDY TRIAL ACT |
| Defendant. | ) |
| | ) |
| | ) |

On January 13, 2026, Defendant Japheth Dillman, represented by counsel, and the United States, through counsel, appeared before the Court for a status conference in the above pending criminal action. During the hearing, the parties discussed potential trial dates. Defense counsel stated that Mr. Dillman is undergoing kidney dialysis treatment three times per week and that his current treatment schedule would conflict with the Court's trial schedule. Government counsel discussed the need to adjust Mr. Dillman's dialysis schedule so that it would not interfere with the Court's trial schedule. After hearing from the parties, the Court tentatively set the matter for trial starting on August 3, 2026, and directed the parties to meet and confer with Mr. Dillman's health providers about adjusting Mr. Dillman's dialysis schedule during trial. Dkt. 71.

STIPULATION AND [PROPOSED] ORDER TO SET TRIAL SCHEDULE, CONTINUE TRIAL, AND EXCLUDE TIME UNDER SPEEDY TRIAL ACT
Case No. 23-CR-00140 RS

On March 12, 2026, undersigned counsel for the government and for Mr. Dillman spoke with Mr. Dillman's medical provider, Dr. Ramin Sam.  Dr. Sam indicated that the dialysis facility could modify Mr. Dillman's treatment schedule in accordance with the Court's trial schedule.  Following further discussions with Mr. Dillman's medical providers, Dr. Sam agreed that Mr. Dillman's treatment schedule could be modified during trial so that Mr. Dillman receives dialysis treatment on Mondays and Wednesdays starting at 3:30 p.m. and once on the weekends.  This schedule would allow Mr. Dillman's trial to take place during the Court's regular trial schedule, which typically runs from 8:30 a.m. to 1:30 p.m.[1]

In addition, defense counsel has a longstanding commitment the week of August 3 to 7, 2026; therefore, the parties respectfully request and stipulate that the tentative trial date be continued one week to August 10, 2026.

Further, the parties have met and conferred with regard to an appropriate pretrial schedule in this matter.  The parties have agreed to, and thus propose, the following pretrial and trial schedule:

- May 12, 2026:  Defense files any pretrial motions under Fed. R. Crim. P. 12.
- May 19, 2026:  Government files oppositions to any defense motions under Fed. R. Crim. P. 12.
- May 26, 2026:  Defense files replies in support of any motions under Fed. R. Crim. P. 12.
- June 2, 2026:  Hearing on any motions under Fed. R. Crim. P. 12.
- June 17, 2026:  Parties exchange expert disclosures.  Government produces witness and exhibit lists and provides notice of any evidence it may seek to offer under Fed. R. Crim. P. 404(b).
- June 24, 2026:  Defense produces witness and exhibit lists.
- July 1, 2026:  Parties file any objections to standard jury questionnaire.

---

[1] Dr. Sam noted that there is a very small chance that the treatment facility could not accommodate the new schedule, but he stated that such an outcome was very unlikely.  Further, Dr. Sam noted that there are other treatment facilities that potentially could provide treatment during the trial to accommodate the trial schedule.

STIPULATION AND [PROPOSED] ORDER TO SET TRIAL SCHEDULE, CONTINUE TRIAL, AND EXCLUDE TIME UNDER SPEEDY TRIAL ACT
Case No. 23-CR-00140 RS

- July 8, 2026:  Parties disclose any rebuttal experts and serve rebuttal expert reports.

- July 15, 2026:  Parties file motions in limine and joint pretrial statement.

- July 22, 2026:  Parties file oppositions to motions in limine, joint proposed jury instructions, joint proposed description of the case, verdict form, exhibit lists, witness lists.

- July 29, 2026:  Pretrial conference.

- August 3, 2026:  Parties submit original and copy trial exhibit sets.

- August 10, 2026:  Trial.

At this time, the parties anticipate that trial in this matter will last approximately two weeks.

The Court previously excluded time under the Speedy Trial Act for effective preparation of counsel through August 3, 2026.  Provided that the Court agrees to the parties' proposal to continue the trial date one week to August 10, 2026, the parties stipulate and agree that excluding time between August 3, 2026, and August 10, 2026, is appropriate to ensure effective preparation.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).  The Parties further stipulate and agree that the ends of justice served by excluding the time between August 3, 2026, and August 10, 2026, outweigh the best interests of the public and the defendants in a speedy trial.  18 U.S.C. § 3161(h)(7)(A), (B)(iv).

Pursuant to the agreement of the parties, and for good cause, the Court finds it is appropriate to exclude time from the computation of the Speedy Trial Act deadlines.  Based on the representations of counsel regarding the need to prepare for trial, the Court finds that an exclusion of time is necessary to permit effective preparation of counsel.  Failure to grant an exclusion of time would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).  The Court further finds that the ends of justice served by

//

//

//

//

//

STIPULATION AND [PROPOSED] ORDER TO SET TRIAL SCHEDULE, CONTINUE TRIAL, AND EXCLUDE TIME UNDER SPEEDY TRIAL ACT
Case No. 23-CR-00140 RS

excluding the time from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.

DATED:  March 18, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

_____/s/_____
CHRISTIAAN H. HIGHSMITH
Assistant United States Attorney

DATED:  March 18, 2026

_____/s/_____
RICHARD TAMOR
JESSE BERKOWITZ
Attorneys for Defendant Japheth Dillman

## [PROPOSED] ORDER

The Court hereby ENTERS the parties' proposed pretrial and trial schedule.

Based upon the facts set forth in the stipulation of the parties and the representations made to the Court in the Parties' stipulation and for good cause shown, the Court finds that failing to exclude the time from August 3, 2026, through August 10, 2026, would unreasonably deny defense counsel and the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court further finds that the ends of justice served by excluding the time from August 3, 2026, through August 10, 2026, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendants in a speedy trial. Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from August 3, 2026, through August 10, 2026, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A), (B)(iv).

**IT IS SO ORDERED.**

DATED: _____        _____
                                  HONORABLE RICHARD SEEBORG
                                  Chief United States District Judge

STIPULATION AND [PROPOSED] ORDER TO SET TRIAL SCHEDULE, CONTINUE TRIAL,
AND EXCLUDE TIME UNDER SPEEDY TRIAL ACT
Case No. 23-CR-00140 RS